UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ANDREW JOSEPH SMITH,
    Plaintiff,

v.                                   C. A. No. 17-525-JJM-LDA

STATE OF RHODE ISLAND,
    Defendant.

ORDER

This Court has reviewed the Complaint pursuant to 28 U.S.C. § 1915[1] and finds that it fails to state a claim upon which relief can be granted. Accordingly, the Complaint must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Andrew Smith argues he was deprived of certain constitutional and procedural rights and asks this Court to enjoin the Rhode Island Superior Court from taking any further action in his criminal case. He has apparently filed two petitions for writs of certiorari with the Rhode Island Supreme Court; however, his underlying action is still pending, as he states he is scheduled to be sentenced on November 20, 2017.

Mr. Smith has previously asked this Court, without success, to intervene in his pending state court matters. *See* Order, *Smith v. Rhode Island*, No. 17-480 (D.R.I. Oct. 24, 2017). In that case, Mr. Smith sought monetary damages from the State of Rhode Island for alleged violations of his constitutional rights during his Family

---

[1] The Court grants Mr. Smith's motion to proceed in forma pauperis (ECF No. 2).

Court proceedings. For substantially the same reasons as stated in that Order, the Court must also dismiss Mr. Smith's new action.

Under the doctrine espoused by *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny, there exists "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). Courts may abstain from hearing a matter under the *Younger* doctrine where "(1) the requested relief would 'interfere with . . . ongoing state judicial proceedings;' (2) such proceedings 'implicate important state interests;' and (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Sam M. ex rel. Elliott v. Chafee*, 800 F. Supp. 2d 363, 377 (D.R.I. 2011) (quoting *Rossi v. Gemma*, 489 F.3d 26, 34–35 (1st Cir. 2007)). It is axiomatic that enjoining pending state criminal proceedings satisfies the first two prongs. *See Younger*, 401 U.S. at 46–49. Furthermore, Mr. Smith will have an adequate opportunity in the state proceedings to raise his constitutional challenges on appeal to the Rhode Island Supreme Court.

For these reasons, the Court must abstain under *Younger*, and the Complaint is DISMISSED.

IT IS SO ORDERED:

/s/ John J. McConnell, Jr.

John J. McConnell, Jr.
United States District Judge

November 16, 2017